UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMENEZ, *et al.*, | CASE NO. 1:23-cv-06353-RMI |
| Plaintiffs, | **DECLARATION OF** |
| v. | **SUPERVISORY DETENTION AND** |
| U.S. IMMIGRATION AND CUSTOMS | **DEPORTATION OFFICER** |
| ENFORCEMENT, *et al.*, | **CESAR CONTRERAS** |
| Defendants. | |

I, Cesar Contreras, make the following statements under oath and subject to the penalty of perjury:

1. I am a Supervisory Detention and Deportation Officer ("SDDO") with the U.S. Department of Homeland Security ("Department"), U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), in the Bakersfield sub-office of the San Francisco Field Office. I began my employment with the Department in May 2012, when I was hired as an Enforcement and Removal Assistant. In August 2017, I was promoted to the position of Deportation Officer. Subsequently in September 2023, I was promoted to SDDO.

2. I am currently assigned to the ERO Bakersfield sub-office's Detained Unit, which oversees the non-citizens detained at the Golden State Annex ("GSA"), which is a contract detention facility in McFarland, California that is managed by the GEO Group, Inc. ("GEO"). My responsibilities include,

1   but are not limited to, overseeing the detained unit, tracking the progression of detained cases through

2   removal proceedings, tracking detained cases with final removal orders, and effectuating the removal of

3   non-citizens to their home countries.  I am familiar with ICE policies and procedures governing the

4   detention and removal of non-citizens who come into ICE's custody. ICE is charged with removing non-

5   citizens who lack lawful immigration status in the United States. ICE further detains non-citizens to

6   secure their presence both for immigration proceedings and their removal, with a special focus on those

7   who represent a risk to public safety, or for whom detention is mandatory by law. ICE is committed to

8   ensuring that every person detained in its custody receives timely access to necessary and appropriate

9   medical, dental, and mental health care and treatment while in custody. The health, safety, and welfare

10   of those detained in its custody are among the agency's highest priorities.

11      3.  I am the SDDO who oversaw the removal cases of Victor Martinez Jimenez ("Mr. Jimenez"),

12   and Mikhael Moiseev ("Ms. Moiseev") while they were detained at GSA. The facts in this declaration

13   are based on my personal knowledge, consultation with other DHS and ICE personnel, and review of

14   official documents and records maintained by the agency and Department and other relevant sources

15   during the regular course of my duties. I provide this declaration based on the best of my knowledge,

16   information, belief, and reasonable inquiry for the above-captioned case.

17      **Mr. Jimenez's Case.**

18      4.  Mr. Jimenez was born in 1969 and is a citizen and national of El Salvador. On October 12, 1989,

19   Mr. Jimenez became a lawful permanent resident of the United States. Mr. Jimenez incurred a serious

20   criminal record, including but not limited to, two convictions of attempted murder in violation of section

21   664/187(a) of the California Penal Code. For these convictions, Mr. Jimenez received a total enhanced

22   sentence of 24 years and 8 months.

23      5.  In 2004, DHS commenced removal proceedings against Mr. Jimenez, but his proceedings were

24   administratively closed that same year. On October 11, 2022, DHS apprehended and detained Mr.

25   Jimenez at GSA pursuant to 236(c) of the Immigration and Nationality Act ("INA" or "Act"), 8 U.S.C. §

26   1226(c). After Mr. Jimenez was detained, his removal proceedings were reopened and re-calendared. On

27   January 20, 2023, an immigration judge at the Los Angeles Immigration Court issued a decision denying

28   Mr. Jimenez's applications for relief from removal and ordering him removed from the United States to

El Salvador. On July 20, 2023, the Board of Immigration Appeals ("BIA") dismissed Mr. Jimenez's appeal. On August 4, 2023, Mr. Jimenez filed a Petition for Review ("PFR"), motion to stay removal, and motion for appointment of counsel with the U.S. Court of Appeals for the Ninth Circuit. *See Martinez-Jimenez v. Garland*, No. 23-1695 (9th Cir.). The Ninth Circuit has automatically stayed Mr. Jimenez's removal pending resolution of his motion for appointment of counsel.

**Ms. Moiseev's Case.**

6.   Ms. Moiseev was born in 1966 and is a citizen and national of Russia. Ms. Moiseev entered the United States on or about November 1, 1991, and lacks lawful immigration status in the United States.

7.   In the United States, Ms. Moiseev incurred a serious criminal record, including, among other things, being convicted of burglary, receiving stolen property, and federal mail fraud.

8.   After DHS apprehended Ms. Moiseev and placed her into removal proceedings, an immigration judge, on December 19, 2003, in San Francisco, California, issued a decision denying Ms. Moiseev's applications for relief from removal and ordering Ms. Moiseev removed from the United States to Russia.

9.   Ms. Moiseev appealed the removal order to the BIA, and on April 9, 2004, the BIA summarily affirmed the immigration judge's decision. Years later, in 2011, Ms. Moiseev filed a motion to reopen, and the BIA denied the motion on February 6, 2012.

10. Ms. Moiseev filed a PFR in *Moiseev v. Lynch*, No. 12-70612 (9th Cir. Feb. 28, 2012), at the Ninth Circuit, challenging the BIA's denial of her motion to reopen. On January 13, 2016, the Ninth Circuit denied the PFR, and subsequently issued the mandate on March 30, 2016.

//
//
//
//
//
//
//
//

DECLARATION OF SUPERVISORY DETENTION AND DEPORTATION OFFICER CESAR CONTRERAS
No. 1:23-cv-06353-RMI                    3

11. Pursuant to the final order of removal against Ms. Moiseev, DHS detained her on August 2, 2023, pursuant to section 241(a)(6) of the INA, 8 U.S.C. § 1231(a)(6), to obtain travel documents and to effectuate her removal to Russia. Ms. Moiseev was detained at GSA from August 2, 2023, until October 31, 2023, when DHS released her on an order of supervision ("OSUP") upon determining that there was ultimately no significant likelihood of removability within the reasonably foreseeable future.

I declare, under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct to best of my knowledge, information, belief, and reasonable inquiry.

Dated: February 14, 2024

_____
Cesar Contreras
Supervisory Detention and Deportation Officer
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security