NICOLE KIM (SBN 324698)
NicoleKim@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa St., 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2495
Fax: +1 213 623 1673

SEAN RIORDAN (SBN 255752)
sriordan@aclunc.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**
39 Drumm Street
San Francisco, California 94111
Tel.: +1 415 621-2493

KYLE VIRGIEN (SBN 278747)
kvirgien@aclu.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
425 California St., Suite 700
San Francisco, California 94104
Tel.: +1 202 393-4930

EVA BITRAN (SBN 302081)
ebitran@aclusocal.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA**
1313 West 8th Street
Los Angeles, CA 90017
Tel: +1 213 977-5232

*Attorneys for Petitioners-Plaintiffs
Additional Counsel listed on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| VICTOR JIMENEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; PATRICK LECHLEITNER, Deputy Director and Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; MOISES BECERRA, Director of San Francisco Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement,<br><br>  Defendants. | Case No. 1:23-cv-06353-RMI<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ADD NEW PLAINTIFFS AS CLASS REPRESENTATIVES**<br><br>DATE: April 2, 2023<br>TIME: 11:00am |

**NOTICE OF MOTION AND MOTION**

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT, on April 2, 2023, Plaintiff will and hereby does move this Court to add new named plaintiffs as class representatives. This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying declarations of Jose Orozco Cuevas and Venancio Esteban Riego, the pleadings and papers on file in this action, and such other matters as may be presented to the Court at hearings or otherwise.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On December 14, 2023, Plaintiffs filed a Notice of Motion and Motion for Provisional Class Certification to certify a Class (the "Class") of individuals in detention at Golden State Annex ("GSA"). ECF No. 21. Plaintiffs defined this proposed provisional Class as:

> All individuals who are, or will be, detained by ICE at GSA, who are 50 years old or over or who have a medical condition that the CDC recognizes as a medical vulnerability for COVID-19.[1]

*Id.* Since the Motion for Provisional Class Certification was filed, one of the proposed class representatives, Jorge Mutzutz, left Defendants' custody. ECF No. 41. This Motion asks the Court to add Mr. Jose Orozco Cuevas and Mr. Venancio Esteban Riego (together the "Proposed New Plaintiffs") to represent the Class in this matter.

### I.   THE COURT MAY ADD NEW NAMED PLAINTIFFS AT ANY TIME

Pursuant to Federal Rule of Civil Procedure 21, courts have the authority to add parties "at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21; *see, e.g.*, *Wade v. Kirkland*, 118 F.3d 667, 670 (9th Cir. 1997) (holding, where named plaintiff's claims had become moot while class certification motion remained outstanding, the case should be remanded to district court to determine "whether other putative class members should be allowed to intervene") (citing *Kennerly v. United States*, 721 F.2d 1252, 1260 (9th Cir. 1983)); *Sherman v. Griepentrog*, 775 F. Supp. 1383,

---

[1] These conditions are listed on the CDC website. See People with Certain Medical Conditions, CTRS. FOR DISEASE CONTROL & PREVENTION https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Feb. 26, 2024).

1386 (D. Nev. 1991) (granting motion to substitute a new class representative to replace an existing class representative who had died); *Graves v. Walton Cnty. Bd. of Educ.*, 686 F.2d 1135, 1138 (5th Cir. 1982) (affirming district court's decision to allow substitution of additional plaintiffs after original named plaintiffs' claims became moot). Additions of "named plaintiff[s] making allegations substantially similar to those of the original plaintiffs" is "a routine amendment" in class actions. See 2 McLaughlin on Class Actions § 12:3 (17th ed. 2020). This includes situations, such as in this case, where the class action has not yet been certified. *Lucero-Gonzalez v. Kline*, No. CV-20-00901-PHX-DJH (DMF), 2020 WL 8258216, at *13 (D. Ariz. Nov. 3, 2020) (in a case involving COVID protections in detention, certifying a post-conviction subclass and substituting a new subclass representative for a proposed representative who had recently been released); *In re Nat'l Australia Bank Sec. Litig.*, No. 03 CIV.6537 BSJ, 2006 WL 3844463, at *3 (S.D.N.Y. Nov. 8, 2006) (granting substitution of class members where the class representative's claims were mooted prior to class certification); *In re Thornburgh*, 869 F.2d 1503, 1508–09 (D.C. Cir. 1989) ("[A] court may respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative. . . . Such action is especially appropriate where the events causing mootness have only individual rather than classwide impact."); *Griffith v. Bowen*, 678 F. Supp. 942, 947 (D. Mass. 1988) ("[W]hen the intervening event has affected the posture of only the named plaintiff, the litigation remains viable as to the absent class, and mootness may be avoided . . . by allowing absent class members to intervene as substitute representatives . . . .") (citing H. Newberg, 1 Newberg on Class Actions § 2.23 at 89 (2d ed. 1985)).

The addition of these individuals as named plaintiffs is appropriate and "just" under Rule 21. There still exists a live controversy between the Class and Defendants, and the claims of this Class are not moot. As discussed below, the Proposed New Plaintiffs share the same claims and concerns about the conditions and availability of antiviral medication for COVID-19 as Plaintiff Victor Jimenez and absent class members. As such, adding the Proposed New Plaintiffs would not prejudice the Defendants in defending their conduct in this case. *See Mathis v. Bess*, 761 F. Supp. 1023, 1026-27 (S.D.N.Y. 1991) (finding defendants were not prejudiced by addition of named

plaintiff in § 1983 class action because new named plaintiff's claims "arise from the same conduct, transactions and occurrences").

Should the Court grant this Motion, Plaintiff will file an amended complaint to include the Proposed New Plaintiffs. The parties have discussed the most efficient way to accomplish this given the government's pending Motion to Dismiss, which would ordinarily be rendered moot by an amended complaint. Defendants agree that, if the Court grants this motion, they do not oppose Plaintiff filing a First Amended Complaint, attached as Ex. A to this motion, on the docket. Ex. B to this motion is a redline comparing this First Amended Complaint against the Complaint (ECF No. 1). Plaintiff agrees that the filing of this First Amended Complaint will not require Defendants to refile their Motion to Dismiss (ECF No. 43), and that Defendants may argue in their Motion to Dismiss reply brief due March 18 that the Proposed New Plaintiffs lack standing, without needing to file a new motion to dismiss the Proposed New Plaintiffs' claims.[2]

## II. THE PROPOSED NEW PLAINTIFFS MEET THE REQUIREMENTS OF RULE 23

The Proposed New Plaintiffs are similarly situated to Proposed Class representative Mr. Jimenez. The Proposed New Plaintiffs are detained at Golden State Annex. Declaration of Jose Orozco Cuevas (Orozco Cuevas Decl.), ¶ 2; Declaration of Venancio Esteban Riego (Riego Decl.), ¶ 1. Additionally, they have been subjected to an unreasonable risk of harm by Defendants' refusal to provide adequate and timely testing and COVID-19 antiviral medications to medically vulnerable immigrants detained at GSA. Orozco Cuevas Decl., ¶ 8; Riego Decl., ¶¶ 3, 5-9, 11. The Proposed New Plaintiffs meet the requirements of a class representative under Rule 23(a) and, as explained in the Motion for Provisional Class Certification, ECF No. 21, the Class satisfies the requirements of Rule 23(a) and (b).

---

[2] Additionally, Plaintiffs agree not to oppose requests by Defendants to file on March 18th, with their Motion to Dismiss reply brief, a surreply to Plaintiffs' Motion for a Preliminary Injunction (ECF No. 20) and a separate surreply to Plaintiffs' Motion for Class Certification (ECF No. 21), to the extent that the added plaintiffs affect any of Defendants' arguments in those oppositions. Plaintiffs agree not to oppose a request that Defendants' combined Preliminary Injunction surreply and Motion to Dismiss brief may be 20 pages, and that Defendants' Class Certification surreply may be 10 pages.

### A. The Class is Sufficiently Numerous to Make Joinder Impracticable

As explained in the Motion for Provisional Class Certification, ECF No. 21, at 13-14, the Class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Thus, Class certification, with the addition of the Proposed New Plaintiffs, would serve the purpose of Rule 23 by allowing "multiple parties—unwieldy in number but possessing similar or identical claims—[to] pursue common redress in an efficient and economical manner." *Amaro v. Gerawan Farming, Inc.*, No. 1:14-cv-00147-DAD-SAB, 2016 WL 3924400, at *3 (E.D. Cal. May 20, 2016) (citing *Comcast v. Behrend*, 569 U.S. 27, 33 (2013)).

### B. Class Members Share Common Questions of Law and Fact

As explained in the Motion for Provisional Class Certification, the Class meets Federal Rule of Civil Procedure Rule 23(a)(2)'s requirement of commonality because all of the proposed Class members are equally subject to Defendants' policies and practices. ECF No. 21, at 14-16. For these same reasons, the commonality requirement will continue to be satisfied with the addition of Proposed New Plaintiffs.

### C. The Proposed New Plaintiffs' Claims are Typical of the Class

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Proposed New Plaintiffs assert claims that are typical of the Class.

Mr. Orozco Cuevas and Mr. Riego assert the same claims as the Class regarding Defendants' failure to provide adequate and timely testing and antiviral medication for COVID-19 at GSA. Both Proposed New Plaintiffs are held in civil detention at GSA and are subject to a substantial risk of serious illness or death from Defendants' inadequate policies and practices. *See Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (finding typicality and certifying class where named plaintiffs and putative class members were all exposed to "a substantial risk of serious harm by the challenged [Department of Corrections healthcare] policies and practices"). Mr. Orozco Cuevas is 56 years old and suffers from cardiovascular issues, including high blood pressure. Orozco Cuevas Decl., ¶¶ 1, 3-4. He fears contracting COVID-19. *Id.* at ¶ 8. Mr. Riego is 60 years old and suffers from several

severe medical conditions, including hypertension, diabetes, an aneurysm, and dissection of the aorta. Riego Decl., ¶ 2. He contracted COVID-19 during an outbreak at GSA a few months ago and became ill. *Id.* at ¶ 8. During the outbreak, GSA staff never provided COVID vaccines or antiviral medication. *Id.* at ¶ 7. He fears contracting COVID-19 again and hopes that he could receive antiviral medication if he were to be exposed to another outbreak. *Id.* at ¶¶ 10-11. Both Proposed New Plaintiffs are similarly situated with *every* class member at GSA because their common exposure to Defendants' failure to properly provide healthcare places them at substantial risk of serious harm. *See Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (finding typicality and upholding class certification where named plaintiffs and putative class members were all exposed to "a substantial risk of serious harm by the challenged [Department of Corrections healthcare] policies and practices").

**D. The Proposed New Plaintiffs Will Fairly and Adequately Protect the Interests of the Class**

Rule 23(a)(4) requires that the class representative "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Proposed New Plaintiffs have been incarcerated in GSA for one year and nearly two years respectively and have long been members of the Class. Orozco Cuevas Decl., ¶ 2; Riego Decl., ¶ 2. As such, the Proposed New Plaintiffs are deeply familiar with the facts that give rise to Plaintiffs' claims, and there is no evidence that there exists a conflict of interest with other proposed Class members. Both Mr. Orozco Cueva and Mr. Riego understand the responsibilities of representing the Class and are prepared do what they can to protect other at-risk individuals. Orozco Cuevas Decl. ¶ 8, Riego Decl. ¶ 13. Both have already spent significant effort preparing declarations for the Court and assisting class counsel in gathering facts. The Proposed New Plaintiffs are represented by the same well-qualified counsel who have vigorously litigated the case on behalf of the current class representative Mr. Victor Jimenez. ECF No. 21 at 18.

**III.   THE CLASS, INCLUDING PROPOSED NEW PLAINTIFFS, MEETS THE REQUIREMENTS OF RULE 23(B)(2).**

The Class, including the Proposed New Plaintiffs, has also fulfilled Rule 23(b)(2)'s requirements that "the party opposing the class has acted or refused to act on grounds that apply generally to the class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). As explained in the Motion for Provisional Class Certification, Defendants' failure to provide adequate and timely testing and antiviral medication for COVID-19 amount to a constitutional violation suffered by the entire Class. ECF No. 21 at 18-19. Thus the Class satisfies Rule 23(b)(2) with the addition of the Proposed New Plaintiffs for the same reasons set out in the Motion for Provisional Class Certification. *Id.*

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Class Certification, ECF No. 21, and that it also grant this Motion and appoint Mr. Orozco Cuevas and Mr. Riego as named plaintiffs and representatives of the provisional Class in this action.

Dated: February 27, 2024

**GOODWIN PROCTER LLP**

By:   */s/ Nicole Kim*

Sean Riordan (SBN 255752)
*sriordan@aclunc.org*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA**
39 Drumm Street
San Francisco, California 94111
Tel.: +1 415 621-2493

Kyle Virgien (SBN 278747)
*kvirgien@aclu.org*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
425 California St., Suite 700
San Francisco, California 94104
Tel.: +1 202 393-4930

Eunice Cho (*pro hac vice*)
*echo@aclu.org*

Linnea Cipriano (*pro hac vice*)
*LCipriano@goodwinlaw.com*
Timothy J. Beavers (*pro hac vice*)
*TBeavers@goodwinlaw.com*
Jacob Tyson (*pro hac vice*)
*JTyson@goodwinlaw.com*
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, New York  10018
Tel.: +1 212 813 8800
Fax: +1 212 355 3333

Nicole Kim (SBN 324698)
*NicoleKim@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa St., 41st Floor

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Tel.: +1 202 548-6616

Eva Bitran (SBN 302081)
*ebitran@aclusocal.org*
Mayra Joachin (SBN 306065)
*mjoachin@aclusocal.org*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA**
1313 West 8th Street
Los Angeles, CA 90017
Tel: +1 213 977-5232

Los Angeles, California 90017
Tel.: +1 213 426 2495
Fax: +1 213 623 1673

Oscar Barron-Guerra (SBN 345284)
*OBarronGuerra@goodwinlaw.com*
**GOODWIN PROCTER LLP**
3 Embarcadero Center, 28th Floor
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

*Attorneys for Petitioners-Plaintiffs*