BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director
JEFFREY S. ROBINS
Deputy Director
SARAH L. VUONG
Assistant Director
ANNA L. DICHTER
SHANE A. YOUNG
ALEXA S. WHITE
MICHELLE M. RAMUS
Trial Attorneys
Office of Immigration Litigation
District Court Section
United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 532-4525; Fax: (202) 305-7000
Michelle.M.Ramus@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(EUREKA)**

| | |
|---|---|
| VICTOR JIMENEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>    Defendants. | No. 1:23-cv-06353-RMI<br><br>**DEFENDANTS' SUR-REPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF JIMENEZ'S MOTION FOR PROVISIONAL CLASS CERTIFICATION** |

DEFENDANTS' SUR-REPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF
JIMENEZ'S MOTION FOR PROVISIONAL CLASS CERTIFICATION
1:23-cv-06353-RMI

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I. This Court Should Strike or Decline to Consider Plaintiffs' New Arguments and Evidence ........... 2

    II. Even if this Court Considers Plaintiffs' New Arguments and Evidence, the Proposed Class Continues to Fail to Satisfy the Requirements of Rules 23(a) and 23(b)(2) ......................................... 3

        A. Plaintiffs Riego and Cuevas Do Not Help the Proposed Class Meet the Commonality Requirement of Rule 23(a)(2) ................................................................................................ 3

        B. Plaintiffs Riego and Cuevas Do Not Help the Proposed Class Meet the Typicality Requirement of Rule 23(a)(3) ................................................................................................ 6

        C. Plaintiffs Riego and Cuevas Are Not Adequate Class Representatives under Rule 23(a)(4) .... 7

CONCLUSION ............................................................................................................................... 8

**DEFENDANTS' SUR-REPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF JIMENEZ'S MOTION FOR PROVISIONAL CLASS CERTIFICATION**
1:23-cv-06353-RMI                               i

# TABLE OF AUTHORITIES

## CASES

*Amchem Products, Inc. v. Windsor*,
    521 U.S. 591 (1997) .................................................................................................................. 6

*C.G.B. v. Wolf,*
    464 F. Supp. 3d 174 (D.D.C. 2020) .......................................................................................... 5

*Preap v. Johnson*,
    303 F.R.D. 566 (N.D. Cal. 2014), *aff'd*, 831 F.3d 1193 (9th Cir. 2016) ............................... 6

*Provenz v. Miller*,
    102 F.3d 1478 (9th Cir. 1996) .................................................................................................. 3

*Stiner v. Brookdale Senior Living, Inc.*,
    665 F. Supp. 3d 1150 (N.D. Cal. 2023) .................................................................................... 2

*Townsend v. Monster Beverage Corp.*,
    303 F. Supp. 3d 1010 (C.D. Cal. 2018) .................................................................................... 3

*Wal–Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ............................................................................................................. 5, 6

## STATUTES

8 U.S.C. § 1252(f)(1) ..................................................................................................................... 2

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 23(a) ............................................................................................................... 2, 3, 6

Fed. R. Civ. P. 23(b) ............................................................................................................... 2, 3, 6

Fed. R. Civ. P. 23(a)(2) ........................................................................................................... 3, 4, 6

Fed. R. Civ. P. 23(a)(3) ............................................................................................................... 6, 7

Fed. R. Civ. P. 23(a)(4) ............................................................................................................... 7, 8

Fed. R. Civ. P. 23(b) ............................................................................................................... 2, 3, 6

Fed. R. Civ. P. 23(b)(2) ................................................................................................................ 2, 3

**DEFENDANTS' SUR-REPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF JIMENEZ'S MOTION FOR PROVISIONAL CLASS CERTIFICATION**
1:23-cv-06353-RMI                                                         ii


**MISCELLANEOUS**

Centers for Disease Control and Prevention: COVID-19, May 11, 2023, https://archive.cdc.gov/#/results?q=https://www.cdc.gov/coronavirus/2019-ncov/community/homeless-correctional-settings.html&start=0&rows=10 (last visited Mar. 18, 2024) .................................................................................................................... 4

Centers for Disease Control and Prevention: Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (last visited Mar. 18, 2024) .................................................................................................................... 7

*COVID-19 Treatments and Medications*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/your-health/treatments-for-severe-illness.html (last visited Mar. 18, 2024) .................................................................................................................... 5

**INTRODUCTION**

Named Plaintiff Victor Martinez Jimenez is a noncitizen detained in immigration custody at the Golden State Annex ("GSA") in McFarland, California, within the Eastern District of California.[1] ECF No. 1 ¶¶ 17–18. In his Motion for Provisional Class Certification ("Motion"), Plaintiff proposed the following class of individuals: "[a]ll individuals who are, or will be, detained by United States Immigration and Customs Enforcement ("ICE") at GSA, who are 50 years old or over or who have a medical condition that the CDC recognizes as a medical vulnerability for COVID-19." ECF No. 21 at 6 ("Pl.'s Mot."). On February 25, 2024, Defendants filed an opposition to Plaintiff Jimenez's Motion. ECF No. 44; *see also* ECF No. 52 (corrected version) ("Defs.' Opp."). On February 27, 2024, Plaintiff Jimenez filed a motion to add Esteban Riego and Orozco Cuevas as Plaintiffs and proposed Class Representatives and attached his proposed First Amended Complaint.[2] ECF Nos. 46; 46-1. However, Plaintiff Jimenez did not move to amend his Motion for Provisional Class Certification. *See* ECF Nos. 21, 46. Yet, on March 11, 2024, Plaintiffs filed a Reply in Support of Plaintiff Jimenez's Motion for Provisional Class Certification ("Plaintiffs' Reply"), therein asserting new arguments and factional allegations regarding COVID-19 medical treatment at GSA for Plaintiffs Riego and Plaintiff Cuevas, *see* ECF No. 55 at 12–15, despite having never amended the initial Motion to include them.

Defendants contemporaneously seek leave to file this sur-reply for two reasons. First, Defendants request that this Court strike or decline to consider Plaintiffs' new arguments and factual allegations related to Plaintiffs Riego and Cuevas because these arguments were inappropriately raised for the first time in Plaintiffs' Reply. Second, should this Court decide to consider the information raised for the first time in Plaintiffs' Reply, Defendants request to an opportunity address the new arguments and factual

---

[1] Jorge Mutzutz, a second Named Plaintiff listed in the Complaint, voluntarily dismissed his claims on February 13, 2024. ECF No. 41.

[2] Defendants did not oppose Plaintiff Jimenez's motion. Defendants will refer to Plaintiff Jimenez and the two proposed Plaintiffs collectively as "Plaintiffs" in this sur-reply.

**DEFENDANTS' SUR-REPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF JIMENEZ'S MOTION FOR PROVISIONAL CLASS CERTIFICATION**
1:23-cv-06353-RMI                                                 1

allegations offered regarding Plaintiffs Riego and Cuevas.[3] In short, the addition of two new Plaintiffs as class representatives does not overcome Plaintiff Jimenez's failure to meet the requirements of Federal Rule of Civil Procedure ("Rule") 23(a) and Rule 23(b). *See* ECF No. 52. This Court should deny Plaintiff Jimenez's Motion for Provisional Class Certification.

## ARGUMENT

This Court should deny Plaintiff Jimenez's motion for class certification because, even considering the proposed Plaintiffs Riego and Cuevas as proposed class representatives, he fails to meet the requirements of Rule 23(a) or (b)(2). None of the Plaintiffs have ever tested positive for COVID-19 while detained at GSA, and they are detained at a facility that has not experienced a significant number of COVID-19 cases since August 2023. Additionally, Defendants have taken clear steps, in consideration of CDC guidance, to prevent COVID-19 infections at GSA, the facility where Plaintiffs are detained. Plaintiff Jimenez relies on an overbroad definition of his proposed class and fails to meet the numerosity, commonality, typicality, or adequacy of representation requirements of Rule 23(a) or (b)(2).[4] Plaintiffs are also inadequate representatives of the class proposed in the Motion because of the factual differences that distinguish Plaintiffs' claims from potential claims of the proposed class members. Finally, Plaintiff Jimenez cannot satisfy Rule 23(b)(2) because this Court lacks jurisdiction to grant relief on Plaintiff's constitutional claims on a class-wide basis pursuant to 8 U.S.C. § 1252(f)(1). Therefore, this Court should deny Plaintiff Jimenez's motion to certify a class.

**I.   This Court Should Strike or Decline to Consider Plaintiffs' New Arguments and Evidence**

Generally, "reply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion." *Stiner v. Brookdale Senior Living, Inc.*, 665 F. Supp. 3d 1150, 1179 (N.D. Cal. 2023) (citations omitted). New evidence submitted as part of a reply is improper because it

---

[3]   Defendants do not address numerosity or this Court's lack of jurisdiction under 8 U.S.C. § 1252(f)(1) in this sur-reply and rely on the arguments made in their opposition. *See* Defs.' Opp. at 14–15, 23–25.

[4]   This sur-reply addresses the commonality and typicality claims. Defendants rely on their numerosity argument in their Brief in Opposition to Class Certification. ECF No. 52.

**DEFENDANTS' SUR-REPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF JIMENEZ'S MOTION FOR PROVISIONAL CLASS CERTIFICATION**
1:23-cv-06353-RMI                                2

does not allow the defendant an adequate opportunity to respond. *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) (citations omitted). For this reason, the district court may decline to consider new evidence or arguments raised in reply, and generally "should not consider the new evidence without giving the non-movant an opportunity to respond." *Id.* (citations omitted); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.") (citations omitted).

Here, Plaintiffs asserted new arguments and factional allegations regarding COVID-19 medical treatment at GSA for Plaintiffs Riego and Plaintiff Cuevas for the first time in their Reply, *see* ECF No. 55 at 12–15, despite having never amended the initial Motion to include these two Plaintiffs. Defendants have not had an opportunity to respond to this new information. Defendants therefore request that this Court strike or decline to consider Plaintiffs' new arguments and evidence related to Plaintiffs Riego and Cuevas because this information was inappropriately raised for the first time in Plaintiffs' Reply.

**II. Even if this Court Considers Plaintiffs' New Arguments and Evidence, the Proposed Class Continues to Fail to Satisfy the Requirements of Rules 23(a) and 23(b)(2)**

In the alternative, should this Court decide to consider the information raised for the first time in Plaintiffs' Reply, the addition of two new Plaintiffs as class representatives does not overcome Plaintiff Jimenez's failure to meet the requirements of Rules 23(a) and Rule 23(b). Although the new information was asserted in relation to the typicality, commonality, and adequacy requirements for class certification, the proposed class still does not meet those requirements.

**A. Plaintiffs Riego and Cuevas Do Not Help the Proposed Class Meet the Commonality Requirement of Rule 23(a)(2)**

Plaintiff Jimenez has not demonstrated that the proposed class is entitled to common relief as to each count on which certification is sought. *See* Fed. R. Civ. P. 23(a)(2), (b)(2). He argues that the claims of the proposed class "are common to all Class Members and thus deserve class-wide resolution." Pl.'s Mot. at 16. Those claims are:

> (1) whether Defendants are, in fact, failing to follow proper COVID-19 testing procedures at GSA; (2) whether Defendants are, in fact, refusing to treat individuals in their custody

DEFENDANTS' SUR-REPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF
JIMENEZ'S MOTION FOR PROVISIONAL CLASS CERTIFICATION
1:23-cv-06353-RMI                            3

> who test positive for COVID-19 with antiviral medications such as Paxlovid; (3) whether the failure to implement such testing and treatment procedures in the face of a potentially fatal virus subjects the Class to a heightened risk of serious illness and death; and (4) whether these failures are a violation of proposed Class Members' Fifth Amendment Due Process Rights.

*Id.* Plaintiffs state in their Reply that their "case rests on common questions about Defendants' inadequate COVID-19 guidelines and the substantial risk of serious illness and death caused by Defendants' testing and treatment practices." Pls.' Reply at 9–10. Plaintiffs further assert that "all class members are subject to Defendants' inadequate COVID-19 policies and practices at GSA." *Id.* at 10. Plaintiffs also argue that the fact that GSA has not provided COVID-19 antiviral therapies to any detainee makes clear that Defendants' policies are depriving "all people who would be eligible for this treatment." *Id.* at 10–11.

      In reality, whether or not an individual should be tested for COVID-19 or is eligible for antiviral treatment depends on highly individualized medical care on a case-by-case basis for each proposed class member, each of whom has significantly different medical conditions and factual circumstances that must be considered in assessing their claims. Similar to how Plaintiff Jimenez's circumstances alone illustrated the lack of commonality, the circumstances of the two new Plaintiffs only further illustrates the lack of commonality—neither have ever tested positive for COVID-19 while detained at GSA, neither were ever eligible for antiviral treatment, and both were evaluated by a medical professional at GSA who determined that antiviral treatments would be inappropriate for each of them based on their respective circumstances. Neither Plaintiff Riego or Plaintiff Cuevas ever tested positive for COVID-19 while at GSA, neither were ever eligible for antiviral treatment, and both were evaluated by a medical professional at GSA who determined that antiviral treatment would be inappropriate for them based on their individual circumstances. *See* ECF No. 58-3 at ¶¶ 12, 17–20; *see also generally* ECF Nos. 58-4, 58-5. These determinations aligned with CDC guidance, which does not recommend antiviral treatment for individuals who test negative for COVID-19 and show no hallmark COVID-19 symptoms.[5] Thus, Plaintiffs' own

---

[5] *See generally* Centers for Disease Control and Prevention: COVID-19, May 11, 2023, https://archive.cdc.gov/#/results?q=https://www.cdc.gov/coronavirus/2019-ncov/community/homeless-correctional-settings.html&start=0&rows=10 (last visited Mar. 18, 2024).

circumstances illustrate the lack of commonality here—as there is no common claim or legal problem that could be resolved as to all proposed class members. *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

It is not enough for Plaintiffs to make allegations that ICE or GSA categorically failed to follow the policies and procedures in place when providing their own individualized medical care, especially where the evidence shows otherwise. *See* ECF No. 58-3 at ¶ 12 (indicating that Plaintiff Riego received medical treatment in line with CDC guidance and never tested positive for COVID-19 or showed any hallmark COVID-19 symptoms while at GSA, making antiviral treatment inappropriate for him); *see also generally* ECF No. 58-4 (same); *see* ECF No. 58-3 at ¶¶ 17–20 (indicating that Plaintiff Cuevas received medical treatment in line with CDC guidance and never tested positive for COVID-19 or showed any hallmark COVID-19 symptoms while at GSA, making antiviral treatment inappropriate for him); *see also generally* ECF No. 58-5 (same). The question of whether an individual should be tested for COVID-19 under the policies and procedures in place, whether an individual should be offered treatment with antiviral medications, and whether an individual faces a heightened risk of serious illness or death without COVID-19 testing or treatment with antiviral medications, will necessarily depend on an analysis of his or her individual medical conditions and factual circumstances, including what other medications the individual is taking and whether there are any drug contraindications.[6] These questions are all part of the individualized medical care that the GEO medical professionals provide. Due to the multiple variations in medical care, Plaintiffs' due process claim is not capable of class-wide resolution. *See C.G.B. v. Wolf,* 464 F. Supp. 3d 174, 203 (D.D.C. 2020) (ruling detainees' "varying levels of susceptibility to COVID-19" precluded certification of Fifth Amendment claim). Thus, if this Court intends to consider common relief for the proposed class members, it will not be able to provide that relief—namely ordering injunctive relief

---

[6] *COVID-19 Treatments and Medications*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/your-health/treatments-for-severe-illness.html (last visited Mar. 18, 2024) ("Some treatments might have side effects or interact with other medications you are taking. Ask a healthcare provider if medications to treat COVID-19 are right for you.").

providing class members testing and antiviral treatment for COVID-19—without considering the totality of each individual's circumstances separately.

Because Plaintiff Jimenez cannot meet his burden to show he has met the commonality requirement of Rules 23(a)(2) or (b), this Court must deny his motion to certify a class. *See Preap v. Johnson*, 303 F.R.D. 566, 584 (N.D. Cal. 2014), *aff'd*, 831 F.3d 1193 (9th Cir. 2016) (citing *Wal-Mart*, 564 U.S. at 350); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

### B. Plaintiffs Riego and Cuevas Do Not Help the Proposed Class Meet the Typicality Requirement of Rule 23(a)(3)

Plaintiffs' proposed class lacks typicality for the same reasons it lacks commonality: the proffered class definition includes groups of individuals whose factual interests differ from the single proposed class representative. The commonality and typicality requirements of Rule 23(a) are interrelated and, in some instances, merge. *Wal-Mart*, 564 U.S. at 350. Plaintiffs argue in their Reply that the three proposed class representatives "face the same risk as all other Class members: that they will become sick with COVID-19 and will be denied adequate and timely testing and antiviral treatment for COVID-19." Pls.' Reply at 12. Plaintiffs believe that "[t]he typicality inquiry ends there." *Id.* It simply does not.

As discussed above and in Defendant's opposition, proposed class members' significantly different medical conditions and different factual circumstances will require individualized analysis to determine if relief should be provided for their claims. *See supra* § Arg. I; *see* Defs.' Opp. at 16–22. Plaintiffs go on to argue that each of the three proposed class representatives present circumstances that are the "exact same" and "typical of the defective medical treatment that the Class risks." Pls.' Reply at 12–13. Plaintiffs opine that Plaintiffs Riego and Cuevas should have been offered COVID-19 testing in a specific way and should have been offered antiviral COVID-19 treatment. *Id.* at 12–14. However, Plaintiffs' disagreement with the medical treatment they received at GSA should not carry more weight than the medical evaluations and reasonable treatment plans developed by a trained doctor. A review of each of Plaintiff Riego's and Cuevas's medical treatment at GSA indicates that the treatments they received was appropriate for their respective conditions. *See, e.g.*, ECF No. 58-3 at ¶¶ 12, 17–20; *see also*

*generally* ECF Nos. 58-4, 58-5. Even where proposed class members may have some similarities in their medical conditions and factual circumstances, they also have significant differences. For example, although some proposed class members have received a COVID-19 booster vaccination, not all individuals who would fall into the proposed class may have done so. Plaintiff Riego ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, ECF No. 58-3 ¶ 10, and Plaintiff Cuevas ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓,[7] *id.* ¶ 17. Each individual's varying COVID-19 vaccination and booster statuses, in combination with their differing medical conditions, would require an individual analysis to determine any risk of severe COVID-19-associated outcomes.[8]

Ultimately, Plaintiff Jimenez simply cannot satisfy his burden to show that *every* proposed class member's claims will be reasonably coextensive with those of himself and the two new Plaintiffs in a way that establishes typicality for the purposes of Rule 23(a)(3). Accordingly, this Court should deny Plaintiff Jimenez's motion for class certification.

### C. Plaintiffs Riego and Cuevas Are Not Adequate Class Representatives under Rule 23(a)(4)

Defendants argued in their opposition that Plaintiff Jimenez was not an adequate class representative of the proposed class under Rule 23(a)(4), *see* Defs.' Opp. at 22–23, and the two new Plaintiffs fare no better. Plaintiffs claim that it is enough that the three proposed class representatives each have some risk factors for severe COVID-19 and have a common interest in "seeking redress for Defendants' failure to follow proper COVID-19 testing procedures and to provide COVID-19 antiviral medications at GSA." Pls.' Reply at 15. It is not enough. Plaintiffs Riego and Cuevas are each an inadequate representative for the same reasons that they fail to satisfy typicality and commonality, and because their interests may conflict with the interests of other proposed members. Plaintiff Jimenez

---

[7] Plaintiff Cuevas later ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. ECF No. 58-3 ¶ 17.

[8] *See* Centers for Disease Control and Prevention: Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (last visited Mar. 18, 2024) ("Providers should consider the patient's age, presence of underlying medical conditions and other risk factors, and vaccination status in determining the risk of severe COVID-19-associated outcomes for any patient.").

**DEFENDANTS' SUR-REPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF JIMENEZ'S MOTION FOR PROVISIONAL CLASS CERTIFICATION**
1:23-cv-06353-RMI                                  7

requests a permanent injunction providing proposed class members with testing and antiviral treatment for COVID-19, but it is impossible for Plaintiffs to adequately represent people with wholly different medical concerns or high-risk characteristics than they have. Accordingly, Plaintiff Jimenez has not satisfied his burden to meet the standard to show that Plaintiffs are adequate class representatives for the purposes of Rule 23(a)(4), and this Court should deny Plaintiff Jimenez's motion for class certification.

## CONCLUSION

This Court should strike or decline to consider the additional arguments and factual allegations that Plaintiff Jimenez presents in his Reply. However, even if this Court does consider these new facts and analysis, it should still deny Plaintiff Jimenez's Motion for Provisional Class Certification. The proposed class definition encompasses a broad range of dissimilarly situated individuals who are not sufficiently numerous, whose claims are not common, whose injuries are not typical, and who have different factual bases for their claims. Further, Plaintiffs are inadequate representatives of the class proposed in the Motion, and the Motion does not propose any subclasses or indicate that Plaintiffs could represent a proposed subclass. Moreover, Plaintiffs would require the Court to engage in an individualized inquiry into each claim to determine whether each proposed class member, with distinctly different medical conditions and factual circumstances, received inappropriate medical treatment and has a risk of serious illness or death from COVID-19 while in detention. Plaintiffs are therefore not entitled to proceed as class representatives, and this Court should deny Plaintiff Jimenez's Motion.

* * *

**DEFENDANTS' SUR-REPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF JIMENEZ'S MOTION FOR PROVISIONAL CLASS CERTIFICATION**
1:23-cv-06353-RMI                                             8

| | | |
|---|---|---|
| 1 | Dated: March 18, 2024 | Respectfully submitted, |
| 2 | | BRIAN M. BOYNTON |
| 3 | | Principal Deputy Assistant Attorney General<br>U.S. Department of Justice, Civil Division |
| 4 | | |
| 5 | | WILLIAM C. PEACHEY<br>Director |
| 6 | | JEFFREY S. ROBINS |
| 7 | | Deputy Director |
| 8 | | SARAH L. VUONG<br>Assistant Director |
| 9 | | |
| 10 | | ANNA L. DICHTER<br>SHANE A. YOUNG |
| 11 | | ALEXA S. WHITE<br>Trial Attorneys |
| 12 | | |
| 13 | | /s/ *Michelle M. Ramus*<br>MICHELLE M. RAMUS |
| 14 | | Trial Attorney<br>U.S. Department of Justice, Civil Division |
| 15 | | Office of Immigration Litigation – DCS<br>P.O. Box 868, Ben Franklin Station |
| 16 | | Washington, DC 20044<br>Tel:     (202) 532-4525 |
| 17 | | Fax:    (202) 305-7000<br>Email: Michelle.M.Ramus@usdoj.gov |
| 18 | | |
| 19 | | *Counsel for Defendants* |

**DEFENDANTS' SUR-REPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF JIMENEZ'S MOTION FOR PROVISIONAL CLASS CERTIFICATION**
1:23-cv-06353-RMI                              9